# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GERMAN WILLIAMS                                                                        PLAINTIFF
ADC #88941

V.                                   NO: 5:16-CV-00284 DPM-PSH

RORY GRIFFIN, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff German Williams, an inmate at the Randall Williams Correctional Facility of the Arkansas Department of Correction (ADC), filed a *pro se* complaint on September 14, 2016. Doc. No. 2. Defendants are ADC Deputy Director for Health and Correctional Programs Rory Griffin, ADC health care provider Correct Care Solutions (CCS), Health Services Administrator Wanda Suggs, and APN Lasonya Griswold. These defendants are sued only in their official capacities. Doc. No. 2 at 2.

According to Williams, he suffered severe injuries to his back, knee, ankle, and foot at an ADC work site in November of 1994. Williams states that because the injuries were not properly treated, he filed a lawsuit which resulted in a $500.00 judgment against three individuals in 1998.[1] He asserts that the Court also ordered the ADC to provide him with his requested medical supplies. Williams' complaint alleges that the ADC abided by the ruling until 2015, when CCS was hired as the prison's health care provider. Now, he states, "the ADC and CCS claim they are no longer obligated to provide the medical supplies needed to reduce my pain. They have repeatedly denied my special authorization requests, despite my forwarding to them a copy of the 1998 decisions." Doc. No. 2 at 4.

Williams seeks declaratory relief, monetary damages, costs, and an order directing the ADC and CCS to "either provide permanent corrective surgery or provide me with the medical supplies needed to reduce my pain and discomfort." Doc. No. 2 at 5. Williams' claim for damages against Griffin has been dismissed. *See* Doc. Nos. 24 & 32.

Defendant Rory Griffin filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Williams had not exhausted his claim against him before he filed this lawsuit. Doc. Nos. 25-27. Williams filed a response and an amended response. Doc. Nos. 34 & 40. Griffin filed a reply. Doc. No. 36. Defendants CCS, Suggs, and Griswold (the "Medical Defendants") also filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Williams had not exhausted his claims against them before he filed this lawsuit.

---

[1] *See Williams v. Norris, Dir., Arkansas Dep't of Corr.*, 148 F.3d 983, 986 (8th Cir. 1998) (affirming District Court's damages award against three individuals for compelling Williams to do work dangerous to his life or health for being deliberately indifferent to his medical needs). The Court notes the opinion does not cite any injunctive relief awarded by the District Court.

Doc. Nos. 28-30. Williams filed a response. Doc. No. 33. The Medical Defendants filed a reply. Doc. No. 38. Williams also separately filed a two-page exhibit. Doc. No. 35.

For the reasons described herein, the undersigned recommends defendants' motions for summary judgment be granted.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue they are entitled to summary judgment because Williams failed to exhaust his administrative remedies as to his claims against them before he filed his lawsuit. Griffin asserts that Williams did not exhaust his administrative remedies as to him because Williams did not file a grievance naming Griffin or complaining about his actions. In support, Griffin submitted the ADC's grievance policy and a declaration by Barbara Williams, the ADC's Inmate Grievance Supervisor. Doc. Nos. 26-1, 26-2. Barbara Williams declared that Williams filed only one grievance that could potentially relate to the issues raised in this case, RLW15-00377, which was attached to Williams' complaint. Doc. No. 2 at 16-19. The Medical Defendants acknowledge that Williams named them in the one grievance he filed but assert that because it was rejected as untimely, it was not decided on the merits and therefore not exhausted. The Medical Defendants also submitted a copy of the ADC's grievance policy and a declaration by Shelly Byers, the ADC's Medical Grievance Coordinator. Byers also found that Williams filed and appealed only one medical grievance, RLW15-00377, between January 1, 2013, and October 1, 2016.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 26-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id.* at 9. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs. *Id.* at 10-11. Once the Deputy Director responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

*Exhaustion as to Griffin*

Williams' claim against Griffin is based on Griffin's alleged failure to take corrective action despite having knowledge of Williams' complaints regarding his medical care. Although

the basis of his claim against Griffin was not articulated in his original complaint, Williams subsequently submitted a letter he sent to Griffin requesting prescribed footwear, an extra large pillow, a lower bunk, special mats, and insoles. Doc. No. 11 at 3. In his response to Griffin's motion for summary judgment, Williams alleges:

> When the previous ADC Administrator's [sic] were in charge I had written to them about the problem and they would see that it was investigated and solved in timely manner. . . . I expressed to Mr. Griffin my dissatisfaction with the Medical Dept. At that time if Mr. Griffin had investigated my complaint he would have seen that I had been receiving these special authorizations since 2002. I sent him a certified letter on 10/05/2015 and it was signed for by his office on 10/08/2015. At that time Mr. Griffin knew of the unconstitutional Practices of the Medical Contractor that he over sees. And after he knew, he still (denied) My Grievance on 11/30/2015. . . .

Doc. No. 40 at 1.

Williams filed RLW15-00377 on September 7, 2015. *See* Doc. No. 30-1 at 22. He did not name Griffin in the grievance or describe Griffin's failure to take corrective action. The grievance stated:

> On or around 7-22-2015 I saw Dr. Griswold and was told that she could not renew my special authorizations for prescribed footwear. I explain to her that I went to a outside orthopedic specialist and he prescribed special footwear (tennis) this was in 2000 and I have been receiving these tennis as I need them for 15 yrs. The last pair I received was 9-21-12 at RLW unit. I was told by Dr. Griswold to get a second opinion she told me to talk to Ms. Suggs the Infirmary Administrator. So on 7-27-15 I wrote Ms. Suggs about this matter. I also gave Ms. Suggs a copy of my claim where I was injury [sic] working on const. in 1994 and I receive a settlement from P.H.P. and A.D.C. in German Williams v. Larry Norris et. al. Pine Bluff Division PB-C-95-148 and USCA 17-3002 St. Louis. I have some herniated disc in my back, chronic pain in my kee [sic] and hip and my right ankle so I was giveing [sic] these special authorizations to alleviate some of the pain. But what I can't understand how P.H.P., Corizon, DMS gave me these thing to help the problem but CCS say I can't have them after 15 yrs. They even took my extra pillow, lowe [sic] bunk, all my authorization.

*Id.* Williams does not dispute that he failed to grieve Griffin's failure to take corrective action. In fact, this grievance was filed before Williams sent Griffin the letter he refers to in his response.

6

The Court cannot waive the PLRA's exhaustion requirement. As discussed above, exhaustion must be achieved before the lawsuit is filed, or dismissal is mandatory. *Jones v. Bock*, 549 U.S. at 211. Although Williams filed a grievance complaining about his medical care and Griffin was aware of that grievance in that he rejected Williams' appeal, Williams did not exhaust a grievance complaining that Griffin failed to take corrective action.[2] Accordingly, Griffin should be awarded summary judgment, and Williams' claim against Griffin should be dismissed without prejudice.

### *Exhaustion as to the Medical Defendants*

The grievance filed by Williams (RLW15-00377) on September 7, 2015, named the Medical Defendants. *See* Doc. No. 30-1 at 22. Defendant Suggs responded on October 5, 2015, noting that Williams had been seen by APN Griswold on September 23, 2015. *Id.* at 23. Williams appealed and clarified that he did not see Griswold on September 23, 2015, but in July. *Id.* Griffin found Williams' appeal without merit and stated, in part:

> According to the grievance policy, an inmate has 15 days after the occurrence of an incident to file a grievance. You submitted your Step One Informal Resolution past the allotted time to grieve an issue; therefore, it will not be addressed. I encourage you to adhere to the grievance policy.
>
> You submitted this grievance on September 7, 2015 and you were grieving an issue that was from July 22, 2015; therefore, is outside of your 15 day timeframe to grieve an issue.

*Id.* at 25. Griffin also noted that the portion of Williams' appeal that exceeded the designated space could not be considered. *Id.* Griffin did not respond to the merits of Williams' grievance.

---

[2] The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To establish liability against a defendant in a supervisory role, an inmate must prove that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action or tacitly authorized the offending acts. *See, e.g., Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Williams argues his grievance was timely because he filed it within 15 days of an August 28, 2015 meeting he had with defendant Suggs. *See* Doc. No. 33 at 2. Williams' grievance does not reference a meeting on August 28, 2015. Instead, it states that Williams wrote a letter to Suggs on July 27, 2015, which is more than fifteen days before he filed his grievance. Doc. No. 30-1, page 22.

Proper exhaustion demands compliance with a prison's deadlines and other critical procedural rules. *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). A procedurally flawed grievance may be exhausted if it is decided on the merits despite its procedural deficiencies. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Williams' grievance concerning his medical care was not decided on the merits, and has not been exhausted. Accordingly, summary judgment should be awarded in favor of the Medical Defendants.

### IV. Conclusion

The undersigned recommends the defendants' motions for summary judgment (Doc. Nos. 25 & 28) be granted and Williams' complaint be dismissed without prejudice. The undersigned further recommends that the Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 31st day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE